UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>                Plaintiff,<br><br>        v.<br><br>HILDEBRAND, et al.,<br><br>                Defendants. | Case No.: 1:22-cv-00953 JLT SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Jared Andrew Martin is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.      RELEVANT BACKGROUND**

Plaintiff filed his original complaint on August 2, 2022. (Doc. 1.) On May 12, 2023, this Court issued its First Screening Order. (Doc. 7.) The Court found Plaintiff stated a cognizable Eighth Amendment excessive force claim against Defendant Hildebrand but he failed to state any other cognizable claim against any other defendant. (*Id*. at 4-13.) Plaintiff was directed to elect one of the following options within 21 days of the date of service of the order: (1) notify the Court that he did not wish to file a first amended complaint and instead wished to proceed only on his cognizable Eighth Amendment claim against Defendant Hildebrand; or (2) file a first amended complaint; or (3) file a notice of voluntary dismissal. (*Id*. at 13-14.)

Following service of the First Screening Order, a docket entry of May 26, 2022, reflects the Order was returned by the United States Postal Service marked "Undeliverable, Not in Custody."

## II.   DISCUSSION

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

Following the Court's receipt of mail returned by the postal service marked "Undeliverable, Not in Custody" on May 26, 2023, Plaintiff's address change was due no later than July 28, 2023. It has been 68 days since the last mail directed to Plaintiff was returned to the Court marked as undeliverable. Plaintiff has failed to file a change of address and has not otherwise been in contact with the Court. Therefore, Plaintiff has failed to comply with this Court's Local Rules and has failed to prosecute this action.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do and are not conditions that must be met in

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

Plaintiff's failure to file a notice of change of address after May 26, 2023, weighs in favor of dismissal. Given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket —weigh in favor of dismissal. *Carey*, 856 F.2d at 1440-41; *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *In re PPA,* 460 F.3d at 1227.

The third factor also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, while no defendant has appeared in this action, the case has been pending for one year. Thus, the third factor—a risk of prejudice to defendants— also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Plaintiff has not moved this case forward toward disposition on the merits. He has instead stopped communicating with the Court altogether. *In re PPA*, 460 F.3d at 1228. Therefore, the fourth factor— the public policy favoring disposition of cases on their merits —also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Malone v. U.S. Postal Service*, 833 F.2d 128, 132-33 (9th Cir. 1987); *Henderson*, 779 F.2d at 1424. In this Court's First Informational Order In Prisoner/Civil Detainee Civil Rights Case, issued August 2, 2022, Plaintiff was warned that a "pro se plaintiff must keep the Court and opposing parties informed of the party's correct current address," citing Local Rule 182(f). (*See* Doc. 2 at 5.) The Order further warned that if "a pro se plaintiff's address

1  is not updated within sixty-three (63) days of mail being returned as undeliverable, the case will
2  be dismissed for failure to prosecute," citing to Local Rule 183(b). (*Id.*) Thus, the undersigned
3  finds Plaintiff had adequate warning that dismissal could result from his noncompliance with a
4  Court order and this Court's local rules. In sum, the fifth factor— the availability of less drastic
5  sanctions — weighs in favor of dismissal. *Ferdick*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440-41.

### III.    CONCLUSION AND RECOMMENDATION

The Court **HEREBY RECOMMENDS** that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute this action and failure to keep the Court apprised of his current address. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 8, 2023**                     /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE