UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>    Plaintiff,<br><br> v.<br><br>HILDEBRAND, et al.,<br><br>    Defendants. | Case No.: 1:22-cv-0953 JLT SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 8) |

  Jared Andrew Martin seeks to hold the defendants liable for civil rights violations pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  The magistrate judge recommended this action be dismissed for Plaintiff's failure to obey court orders and failure to prosecute. (Doc. 8.) Specifically, the magistrate judge noted the Court's First Screening Order[1] was returned to the Court by the United States Postal Service marked "Undeliverable, Not in Custody" on May 26, 2023. (*Id*. at 2.) The magistrate judge found Plaintiff failed to keep the Court apprised of his current address despite his obligation to do so

---

[1] The screening order directed Plaintiff to elect one of the following options within 21 days of the service of the order: (1) to notify the Court in writing that he did not wish to file a first amended complaint and was willing to proceed only on the Eighth Amendment excessive force claim against Defendant Hildebrand, the remaining claims against any defendant to be dismissed; or (2) to file a first amended complaint curing the deficiencies identified in the screening order; or (3) file a notice of voluntary dismissal. (*See* Doc. 7.)

pursuant to Local Rule 183(b). (*Id*. at 2-4.) The Findings and Recommendations were served upon Plaintiff at the only address on record on August 8, 2023, but were also returned as "Undeliverable, Not in Custody" on August 14, 2023.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducted a de novo review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. As the magistrate judge noted, Local Rule 183(b) requires a plaintiff to keep the Court apprised of his current address and provides: "if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Because more 80 days have elapsed since the screening order was returned as undeliverable, Plaintiff failed to comply with Local Rule 183(b) and failed to prosecute the action. Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on August 8, 2023 (Doc. 8) are **ADOPTED** in full.
2. This action is **DISMISSED** without prejudice.
3. The Clerk of Court is directed to terminate any pending motions or deadlines and to close this case.

IT IS SO ORDERED.

Dated:   **August 24, 2023**

UNITED STATES DISTRICT JUDGE

2